RONA ET AL. V. MEIER ET AL.

1. **Will**: LIMITATION: REPUGNANCY. If the first devisee has the power, by the terms of the will, to dispose of the property, he must be considered the absolute owner, and any limitation over is void for repugnancy.

*Appeal from Scott Circuit Court.*

TUESDAY, MARCH 19.

THE petition alleges, in substance, that on the second day of November, 1855, one Christoph Schrader, being the owner of certain real estate, made his last will and testament, in which he devised and bequeathed all his property, both real and personal, to his then wife, Sophia Schrader, to be used and enjoyed by her during her natural life, with power to dispose of the same if she should think best, and provided that at her death whatever of said property should be left should be divided amongst certain parties named in the will as legatees, and that the children of Hannah and Christoph Kronen should receive the one-fourth part of said estate; that Christoph Schrader died in December, 1855, and left surviving him the said Sophia Schrader, his widow; that said will was duly admitted to probate, and the said Sophia Schrader elected to receive the devise so bequeathed to her by said will; that said widow was again married to one Gutz, and has since that time been known as Sophia Gutz, and that in May, 1869, Gutz died, and left the said Sophia surviving him; that on and before September 26, 1874, said Sophia Gutz became of unsound mind and insane, or of such mental weakness and incapacity as to be incompetent to transact business; that at said time she resided with the family of defendants, and the defendant, Heinrich Meier, wrongfully and unlawfully procured her to sign and acknowledge a deed conveying said land to defendant, Heinrich Meier; that the conveyance was without consideration, and procured by undue and improper influence, fraudulently exercised; that on the 12th day of December, 1875, Sophia Gutz died, and Heinrich Meier now claims to hold

said real estate under said deed; that plaintiffs are the children, and all the children of Hannah and Christoph Kronen. Plaintiffs pray that said deed may be adjudged illegal and void, and be canceled, and that the real estate be decreed to be the property of the legatees named in the will.

The will in question is as follows: "In the name of God, Amen: I, Christoph Schrader, do hereby give and bequeath unto my beloved wife, Sophia Schrader, all and entirely the rest and residue of my property, whether real, personal or mixed, of whatever kind or wherever situated, together with the hereditaments and appurtenances thereto belonging, or in any way appertaining, to have and to hold the same to her and to her assigns forever. And by this bequest I mean and intend that the property, of whatever kind, of which I shall die seized or possessed shall become as fully, and to all intents and purposes, the property of my said wife, as the same shall have been in me, with full power to dispose of the same, and to appropriate the funds thereof, without let or hinderance, as she shall deem proper. It is my desire that at the death of my said wife, whatever property may be left shall thus be disposed of, and request of my said wife that she will and provide that the property so received from me shall be devised, after her death, as follows:

"1. To Henry Meier, the son of Marie Sophie Meier, and nephew of my wife, shall be paid the sum of two hundred dollars.

"2. That after the payment of said legacy to said Henry Meier, the rest and residue of the property so remaining in the hands of my said wife shall be divided as follows:

"*First.* The children of said Marie Sophia Meier to have the one-fourth part thereof equally, including the said Henry, to whom it is intended to give the $200 additional as aforesaid.

"*Second.* The children of Hannah Kronen, my sister, and the wife of Christoph Kronen, the one-fourth part, to be equally divided between them.

"*Third.* The children of my wife's brother Christoph Schoenmann, of Germany, the one-fourth part, to be equally divided between them.

"*Fourth.* The children of Christian Schoenmann, of Germany, also brother of my wife, to have the remaining one-fourth part, to be equally divided between them.

"Insisting that my said wife, Sophia, shall so dispose of my property, if she shall have opportunity, before her death, and if she die without making any disposition of the property now bequeathed to her, it is my will and desire that it shall, in that event, be so disposed of."

The defendants deny that the deed to Heinrich Meier was procured through undue influence, and in a cross-petition ask that the title of Heinrich Meier to said real estate be established against the plaintiffs.

The court decreed that the deed to Heinrich Meier be canceled, and dismissed the cross-petition. Defendants appeal.

*Claussen & Heinz* and *W. A. Foster*, for appellants.

*W. S. Myton* and *Bills & Block* for appellees.

DAY, J.—It is very apparent from the terms of the will that the testator intended to give to his wife an absolute estate in the property bequeathed to her. Stronger language to express this intention could scarcely be employed. The will declares: "By this bequest I mean and intend that the property, of whatever kind, of which I shall die seized or possessed shall become as fully, and to all intents and purposes, the property of my said wife as the same shall have been in me, with full power to dispose of the same, and to appropriate the funds thereof, without let or hinderance, as she shall deem proper." The precatory words contained in the will, expressing a desire and request that the wife shall dispose of the property in a certain manner, which shall remain at her death, do not affect the absolute character of the bequest. See *Hess v. Single*, 114 Mass., 56; *Gilbert v. Chapin*, 19 Conn., 342. There can be no question, it seems to us, that Sophia Shrader might by will or deed properly executed have disposed absolutely of this property. Indeed we do not understand the plaintiffs to controvert this position. The view of plaintiffs is that the deed executed by Sophia Gutz (formerly Schrader)

1. WILL: limitation: repugnancy.

was procured by fraud and improper influence, Sophia Gutz being of unsound mind; that no proper disposition of the property was made by Sophia Gutz during her life-time, and that the plaintiffs take the property under the dispositions made in the will, in case the said Sophia should die without having disposed of the property. This brings us to a consideration of the effect to be given to this part of the will. It is fully settled by authority that if the first taker has the power, by the terms of the will, to dispose of the property, he must be considered the absolute owner, and any limitation over is void for repugnancy. *Flinn v. Davis*, 18 Ala., 132; *Attorney General v. Hall*, Fitz., 315; *Jackson v. Bull*, 10 Johnson, 18; *Ide v. Ide*, 5 Mass., 500; *Helmer v. Shoemaker*, 22 Wendell, 136; *Janretche v. Proctor*, 48 Pa. St., 466; *Bacon v. Woodward*, 12 Gray, 376; *Norris v. Hinsley*, 27 Cal., 439.

Appellees insist that if the provisions of the will be repugnant the last must prevail as expressing the subsequent thought or purpose of the testator, citing 2 Parson's on Contracts, p. 26; *Sims v. Doughty*, 5 Wis., 247; *Covenhoven v. Shuler*, 2 Paige Ch., 122; *Johnson v. Mayne*, 4 Iowa, 180. Whilst this principle doubtless applies usually, it cannot be allowed to overthrow the well settled doctrine of the cases above referred to. The plaintiffs claim solely under the will, and not as the heirs of Sophia Gutz. They have no interest in the property, and cannot complain of any invalidity in the deed from Sophia Gutz to the defendants. It follows that it is not necessary, perhaps not proper, to inquire into the validity of that deed.

The petition of plaintiffs should have been dismissed.

REVERSED.