## McCauley's Appeal.
### Hardy's Estate.

H. and his wife each purchased a policy of life insurance in favor of the other and payable to his or her respective executors, administrators or assigns. H. died first, whereby the policy on his life became payable to the wife. She afterwards died and the money secured by the policy on her life was paid to the executors of her deceased husband. H. by his will devised and bequeathed to his wife " all my estate both real and personal, of whatsoever kind and wheresoever the same may be at the time of my decease, for and during the time of her natural life, with full power and authority to appropriate to her own use such of the personal property as to her shall seem meet." He further provided, " after the death of my said wife, I give, devise and bequeath all the rest, residue or remainder of my estate, both real and personal, to my son John, his heirs and assigns for ever," and in the case of the death of John before the death of his wife, without leaving issue, then to testator's daughter Esther. John died before the wife. On a distribution of the funds in the hands of the executors of H., the executors of the wife claimed the amount of the policy secured on her life for the benefit of the legatees of the wife, alleging that they were entitled thereto under the provisions of H.'s will. The court below held that the wife had only a life estate, and no power of appointment to dispose of the proceeds of the policy of insurance, and rejected the claim. *Held*, that this was not error.

January 23d 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Appeal from the Orphans' Court of *Philadelphia county*: Of January Term 1878, No. 100.

Appeal of James McCauley and William Hein, executors of Jane Hardy, deceased, from the decree of the court confirming the adjudication in the matter of the settlement of the estate of William Hardy, deceased.

The following adjudication of O'Brien, J., sufficiently states the facts of the case:—

"It appeared that the decedent, William Hardy, died October 6th 1874, leaving a will, by which his wife, Jane Hardy, was appointed his executrix. Jane Hardy died June 27th 1875, and upon July 8th 1875, letters of administration *de bonis non cum testamento annexo* were granted unto the accountant, William Corbin.

"The will of William Hardy provided, inter alia, as follows:—

"'Item: I give, devise and bequeath unto my beloved wife, Jane, all my estate, both real and personal, of whatsoever kind and wheresoever the same may be at the time of my decease, for and during the term of her natural life, with full power and authority to appropriate to her own use such of the personal property as to her shall seem meet; also giving and granting unto my said wife full power and authority to sell or in any manner dispose of any and all my real estate, for the purpose of purchasing other real

[McCauley's Appeal.]

estate, or otherwise investing the proceeds arising from such sale or sales, with absolute power to my said wife, to execute and deliver such deeds or instruments in writing, for the purpose of conveying and assuring an absolute estate, in fee simple, for all such real estate, without any liability on the part of the purchasers thereof to see to the application of the purchase-money.

" 'Item : After the death of my said wife, I give, devise and bequeath all the rest, residue or remainder of my estate, both real and personal, unto my son, John Hardy, his heirs and assigns, for ever.'

" By a codicil to said will, it was provided as follows :—

" 'Item : In case my son, John Hardy, the residuary devisee named in my said will, should depart this life before the time of coming to his estate—that is, before the death of my wife within-named, without lawful issue him surviving, then and in such case I give, devise and bequeath unto my daughter, Esther Canning, the use, benefit and income of and from my residuary estate (as within devised, to my son John), for and during the term of her natural life, and at her death to her children absolutely, share and share alike.' John Hardy died before the widow of decedent, and left no lawful issue him surviving, whereupon Esther Canning became the residuary devisee. A claim was presented on behalf of the executors of Jane Hardy to the proceeds of a certain life insurance policy for $2500. It appeared that both William and Jane Hardy had insured their lives in favor of each other. The present policy in question was payable at the death of Jane Hardy, to William Hardy, her husband, his executors, administrators or assigns. The proceeds were never in the possession of Jane, as they were not payable until after her death, and by the terms of William Hardy's will, she had only a life interest in his estate, with full power to appropriate to her own use such of the personal property as to her should seem meet. This did not give her the power to bequeath the policy, or any power of appointment over the fund.

" In her will, Jane Hardy made the following bequest:

" I give and bequeath unto my friends Jane Stewart and Sarah Ann Stewart, the policy of insurance on my life for twenty-five hundred dollars which I hold in the New Jersey Mutual Life Insurance Company, and all moneys that may be realized therefrom, share and share alike, for their sole use and benefit absolutely.'

" The Court of Common Pleas, No. 2, upon proceedings by bill' in equity, decreed that the insurance company should pay the proceeds of the policy to the administrator *de bonis non cum testamento annexo* of William Hardy, deceased. As Jane Hardy had only a life estate and clearly no power of appointment to dispose of the proceeds of the policy of insurance, the claim is rejected, and Mrs. Esther Canning being the residuary devisee under the will of William Hardy, deceased, the balance in the hands of the

accountant, viz.: $2257.06, less the court clerk's costs, is awarded to her, subject to the provisions of the said will of William Hardy, deceased."

Exceptions were filed to this adjudication by the executors of Jane Hardy, which the court in banc dismissed, Hanna, P. J., in an opinion, inter alia, saying: "The single question presented is, to whom did the principal of the policy upon the life of the widow belong at the time of her death—whether to her or to the executor of her deceased husband? In view of the law, as settled in Deginther's Appeal, 2 Norris 337, we are of opinion, that the moment the widow died the policy became a part of her deceased husband's estate, and to be disposed of according to the provisions of his will. By this, while he bequeathed his entire estate to his wife, yet it was only for life, with power to appropriate to her own use such portion as to her shall seem meet. This language standing alone would have given the wife the whole estate absolutely, but that was not the intention of the testator, as is evident from the subsequent clauses of the will. By these he bequeaths the residue of his estate to his son, and then by a codicil, in the event of his death without issue, to his only daughter. Testator, while he contemplated the probable necessity for the use of his entire estate by the widow for her maintenance, yet never intended she should have the power to dispose, by will, of any portion not used or appropriated by her. The residue remaining at her death he disposed of as his property. The policy of insurance was a part of the residue of his estate, and, as the same was not payable until after the death of the widow, and could not possibly be appropriated by her, the residuary legatee was consequently entitled to the proceeds."

From this decree confirming the adjudication this appeal was taken.

*C. H. Howell, H. Budd, Jr., R. Ingram* and *J. W. Coulston,* for appellants.—The appellants claim the proceeds of the policy, because that policy, during the lifetime of the testator, was part of his personal property, and upon his death, passed to his widow, under the terms of his will. Deginther's Appeal, 2 Norris 337, establishes the existence of a vested interest in the holder of a policy of life insurance, and although the proceeds were never in the possession of the widow, because the amount was payable only upon her death, yet, as the legatee of her husband, she became the owner of the policy, and her representatives are entitled to the proceeds of the same.

How could the widow "appropriate" the property to her own use except in the manner she did? It is submitted the words of the husband's will cannot be restricted to mean that the widow's power was simply to consume the property in her lifetime. In

more than. one authoritative case, words no stronger than these have been held to possess an absolute interest: Bull *v.* Kingston, 1 Meriv. 314; Sprange *v.* Bernard, 2 Brown Ch. 585; Barford *v.* Street, 16 Ves. Jr. 135; Church *v.* Disbrow, 2 P. F. Smith 219.

*John H. Campbell,* for appellee.—There can be no doubt under the decision in Deginther's Appeal, *supra,* that the policy upon the life of the wife, payable at her death to her husband, his executors, administrators or assigns, belongs to the husband's estate and goes to his executors, even if he dies before the wife. The fact that the insurance was upon the life of the wife, instead of upon a third person, makes no difference, as observed in that decision.

The proceeds of the policy became part of the husband's estate immediately upon the wife's death and followed the disposition of his estate made by his will. The cases cited by appellants do not warrant the strained meaning of the word " appropriated" for which they contend. The ordinary rules for the construction of wills govern the case. Technical rules of construction are not to be applied to defeat the plain intention of the testator: Still *v.* Spear, 9 Wright 168.

Mr. Justice MERCUR delivered the opinion of the court May 2d 1880.

William Hardy and Jane Hardy, his wife, each procured a policy of life insurance in favor of the other, and payable to his and her respective executors, administrators or assigns. He died first, whereby the policy on his life became payable to her. She afterwards died, and the money secured by the policy on her life was paid to the executors of her deceased husband. By her last will she devised this policy to Jane Stewart and Sarah Ann Stewart. On a distribution of the funds in the hands of the executor of William Hardy, the appellants claimed the amount paid on this policy for the benefit of the legatees of Jane Hardy. They claimed it under a clause in the will of William Hardy, which reads thus: " I give, devise and bequeath unto my beloved wife, Jane, all my estate, both real and personal, of whatsoever kind, and wheresoever the same may be at the time of my decease, for and during the term of her natural life, with full power and authority to appropriate to her own use such of the personal property as to her shall seem meet." In a subsequent clause, he declares, " after the death of my said wife, I give, devise and bequeath all the rest, residue or remainder of my estate, both real and personal, unto my son, John Hardy, his heirs and assigns for ever." By codicil, he provides, in case of the death of John, before the death of testator's wife, Jane, without leaving lawful issue surviving, then devise over to testator's daughter, Esther.

[McCauley's Appeal.]

We may concede under the authority of Deginther's Appeal, 2 Norris 337, that when Jane died the amount of insurance on her life became a part of the estate of her deceased husband, and was to be disposed of according to his will. We are not, however, able to discover any authority for her to dispose of it by her will, or that will give it to her executors. Under the will of her husband she took during life only, with the additional power to appropriate to her own use such of the personal property as she might choose, and the residue and remainder were devised over. The property was not given to her absolutely, nor was she authorized to dispose of it by will. The evident intent was that she should have no more of the *corpus* of the personal estate than she should elect to appropriate to her own use. That election and appropriation must necessarily have been made during her life to be for "her own use." In so far as she did not thus appropriate it, it passed, on her death, to the other devisee named.

We think it would be a forced inference to assume that by authorizing her to appropriate personal property to her own use, that the testator intended to include money which could not be obtained until after her death. He manifestly referred to such personal property as she could at any time reduce to her actual possession, and use, sell or convert the same so as to appropriate it, or the proceeds thereof, to her use and enjoyment. If, however, during her life, she had actually made any sale or transfer of the policy, thereby indicating an intention to appropriate it to her own use, a more difficult question would arise. But she did no such thing. It remained unchanged and unappropriated, and precisely in the same condition in which it had passed under the will of her late husband. The attempted devise which could have no effect until after her death, was not such an appropriation for her use as was contemplated by her husband's will. The learned judge was entirely correct in holding that the residuary legatee under the will of John Hardy, was entitled to the proceeds of the policy.

Decree affirmed and appeal dismissed, at the costs of the appellants