HALLIDAY v. STICKLER *et al.*

Will: CONSTRUCTION: ESTATE FOR LIFE OR IN FEE. An unqualified devise of real estate, followed by a provision that whatever is left of it after the death of the devisee shall be equally divided between his heirs, is a devise of an estate in fee, and not for life only. (See opinion for cases cited).

*Appeal from Appanoose District Court.*—HON. H. C. TRAVERSE, Judge.

FILED, OCTOBER 10, 1889.

THIS is a proceeding in probate, by which the plaintiff, who is administrator of the estate of George S. Beer, deceased, asks an order for the sale of certain real estate for the payment of the debts of his intestate. There was a demurrer to the petition, which was overruled, and the defendants elected to stand thereon, and an order was made for the sale of the real estate as prayed. Defendants appeal.

*Tannehill, Vermilion & Haynes*, for appellants.

*L. C. Mechem* and *T. M. Fee*, for appellee.

ROTHROCK, J.—It appears from the averments of the petition that, on the second of November, 1870, one Priscilla Beer, the wife of George S. Beer, made and

executed her last will and testament. The following is a copy of said instrument, so far as material to the questions involved in this case: "(1) I give and bequeath unto my two sons, William A. Beer and Joseph G. Beer, one span of horses each, and one bed and bedding each, and also one cow to each, to be delivered to them as soon as convenient after my decease. (2) I further give and bequeath unto my two daughters, Sarah Frances Beer and Nancy Adora Beer, a bed and bedding to each, and a cow apiece to each, as soon as convenient after my decease. (3) I give and bequeath to my granddaughter, Josephine Shields, the sum of two hundred and fifty dollars at the death of my husband, George S. Beer. (4) I give, devise and bequeath unto my beloved husband, George S. Beer, all the real and residue of both my real and personal estate, of every name and nature whatsoever, and whatever of the same should be left at his decease I direct should be equally divided between the children of the said George S. Beer and their heirs and assigns forever." After the death of Priscilla Beer, plaintiff's intestate, George S. Beer, sold and conveyed all of the land devised to him by said will to his two sons, W. A. and Joseph G. Beer. Afterwards said Joseph G. Beer reconveyed to said intestate all the interest he had in said land. By this reconveyance said intestate again became the owner of an undivided half of the devised lands, to the same extent at least as he formerly held the same under the will. The demurrer to the petition was upon the following grounds: "(1) The petition and amendments thereto, and exhibit of will attached, show on their face that the estate of George S. Beer has no interest in the land sought to be sold for the payment of the debts of said estate. (2) The petition and will attached show that George S. Beer took only a life-estate in the land in question under the will, and that said land is not subject to the payment of his debts." It is earnestly contended by counsel for appellants that, under a proper construction of the will, George S. Beer took a life-estate in the land devised, and that at his death it descended to his children, and is not liable for

the payment of his debts. In our opinion, a fair consideration of the instrument in all its parts will not authorize the construction contended for by counsel. The fourth clause of the will is an absolute devise, without limitation upon the devisee. It is a devise of the real estate in general terms. It neither by words nor by any fair implication limits the devise to a life-estate. On the contrary, and in addition to the general devise, without words of limitation by plain implication, it authorizes the devisee to sell and convey the land. There is no devise over, unless some of said estate should be left at the death of the devisee. If a life-estate was intended to be devised, the whole of the real estate would be left at the decease of George S. Beer. He could not, by sale and conveyance of the land, enlarge his estate or right thereto. This court has repeatedly held that, if the first devisee has power by the terms of the will to dispose of the property, he must be considered the absolute owner, and any limitation over is void for repugnance. *Rona v. Meier,* 47 Iowa, 607; *Williams v. Allison,* 33 Iowa, 278; *Alden v. Johnson,* 63 Iowa, 124; *In re Burbank,* 69 Iowa, 378. And see, also, *Flinn v. Davis,* 18 Ala. 132; *Jackson v. Bull,* 10 Johns. 18; *Ide v. Ide,* 5 Mass. 500; *Helmer v. Shoemaker,* 22 Wend. 138. In the case at bar there is not even an absolute limitation over. It is merely a provision that whatever may be left at the decease of the devisee shall be divided between the children. Counsel for appellants cite us to a number of cases which they claim are authority for holding that the devise under consideration is a life-estate. They urge special attention to the case of *Benkert v. Jacoby,* 36 Iowa, 274. It appears to us that the provisions of the will construed in that case are so unlike the will in the case at bar as to be no aid in determining the rights of these parties. The law of the cited case is in harmony with the rule of construction above announced. We have carefully examined the other cited cases, and find no reason from such examination to doubt the conclusion that the court below rightfully overruled the demurrer.

AFFIRMED.