William H. Stivers  *et al.*, Appellants, v. Fred H. Gardner, Appellee.

1. **Wills**: CONSTRUCTION: LIMITATION OF GENERAL DEVISE. A married woman, in one clause of her will, devised certain real estate in general to her husband. Another clause provided that.upon the death of the husband all of said lands should go to the testator's son, burdened with a payment to be made by the son to her daughter. In a subsequent clause, the testator gave all her personal property, in equal shares, to her son and daughter, with the provision that her husband should have it during his life, to control, manage and use as his own. The last clause of the will was as follows: "But if my said husband should get married after my death, in that event, all of my said property, both real and personal, to revert to my said son and daughter." *Held*, that the husband's interest in the real estate terminated with his marriage.

2. **Action to Quiet Title**: RELIEF UNDER GENERAL PRAYER: PARTITION. In an action to quiet title, where the plaintiffs claimed all of the land in fee under a devise from a wife to her husband, their grantor, but the court found that the husband had no title under the devise, *held*, that the plaintiffs could not, under a prayer for general relief, have a decree for one-third of the land, on the ground that their grantor was entitled to a distributive share under the statute. For such relief, the plaintiffs should have resorted to an action for partition.

*Appeal from Tama District Court.*—Hon. L. G. Kinne, Judge.

Friday, May 19, 1893.

Action in equity, by which the plaintiffs seek to quiet their title to one hundred and twenty-six acres of land in Tama county. There was a demurrer to the petition, which was sustained, and the plaintiffs appeal. —*Affirmed.*

*William H. Stivers* and *James Fowler*, for themselves.

*Struble & Stiger*, for appellee.

ROTHROCK, J.—I. The plaintiffs claim title to the land by a conveyance from one Thomas K. Scotthorn.

1. WILLS: construction: limitation of general devise.

It appears from the averments of the petition that the land was formerly owned by Caroline Scotthorn, who was the wife of said Thomas K. Scotthorn, and that on the second day of August, 1886, the said Caroline Scotthorn made and executed her last will and testament, which is as follows:

"I, Caroline Scotthorn, married, being of sound mind, make this my will and testament. After paying my funeral expenses and physician's bills and all my other debts, I give and devise to my husband, Thomas K. Scotthorn, the following described lands, viz.: The east half of the southwest quarter of section ten, and the southwest quarter of the southeast quarter of said section ten, and the north six acres of the northwest quarter of the northeast quarter of section fifteen, all in township eighty-six north, range thirteen west of the fifth prime meridian. That at the death of my said husband, T. K. Scotthorn, then all of said lands to go to my son, Robert Scotthorn, and that he shall pay to my daughter, Louisa May, the sum of one thousand dollars, the same to bear interest at the rate of six per cent. per annum from the death of my said husband, should he survive me. That my son, Robert, to have five years to pay the said thousand dollars from the death of my husband, or, in the event should I survive him, five years from my death, and that he shall pay to her six per cent. from my death or the death of my husband; and a failure on the part of my son, Robert, to pay said money to my said daughter, Louisa May, within the specified time, that she shall have a lien on all of said land hereinbefore described, and that his title shall not be perfected unless said money be paid; and a failure on his part to pay said money, that my daughter may have her said one thousand dollars' in-

terest in said lands, together with the interest due thereon, set off to her by partition.

"I give and bequeath to my daughter, Louisa May, my gold watch, and all my jewelry of every kind, together with my wearing apparel.

"I give and bequeath all my household and kitchen furniture, all my stock and implements, in fact all my personal property of every description that I may own at the time of my death, to my son, Robert, and Louisa May, to be divided equally between, to share and share alike, except the gold watch, jewelry, and my clothing hereinbefore described.

"That all my personal property is to be left in the care and control of my husband, T. K. Scotthorn, to have the use of all of said property during his life, free to control and manage all of said property, to use the same as his own; but if my husband should get married after my death, in that event all of said property, both real and personal, to revert to my said son and daughter.

"Given under my hand this second day of August, A. D. 1886."

It is further averred in the petition that the testatrix and her husband resided upon said land from the year 1885 till the year 1888, when said testatrix died, and that she left three children surviving her. The will was duly proved and admitted to probate, and all debts and demands against the testator have been paid. Said Thomas K. Scotthorn remained single until the sixth day of April, 1889, when he intermarried with one Martha J. McCormick, who is still his wife. After said marriage the two children named in the will made quitclaim deeds of said land to the defendant. The said Thomas K. Scotthorn remained in possession of said premises after the death of the testator, and until the first day of May, 1889, when said defendant, during a temporary absence of said Scotthorn, forcibly broke

open the doors and windows of the dwelling house situated on said premises, and took possession thereof. On the eighteenth day of April, 1891, the said Scotthorn and his wife sold and conveyed said premises to the plaintiffs.

The prayer of the petition is to the effect that the interest of the plaintiffs in said premises may be determined and confirmed as against any adverse claim of the defendant, and that the plaintiffs be decreed to be the owners of the premises, and entitled to the possession thereof, and for general relief. The demurrer is to the effect that it does not appear from the petition that the plaintiffs are entitled to the relief demanded, nor to any relief.

The real controversy presented by the record is whether the devise of the land to Thomas K. Scotthorn was a devise in fee simple. It is claimed by the plaintiffs that the estate created by the will was an absolute devise. On the other hand, the defendant claims that the estate created by the will was for life only, and that the life estate was subject to be defeated by the subsequent marriage of Scotthorn. We are united in the opinion that by a proper construction of this will Scotthorn took a life estate, and that said estate terminated upon his marriage.

Counsel for plaintiffs state their claim in argument in the following language: "The will devises to the testator's husband in fee simple the real estate, without restriction or limitation (which is shown by the petition to be all her lands), and the subsequent directions as to its disposition after the death of the husband are simply precatory in character, and can not affect the absolute, unconditional title conveyed by the will."

It is a fundamental rule of construction that all of the provisions of a will must be construed, in order to arrive at the intention of the testator. There is no ground, based upon either authority or reason, why

this rule should not apply to wills the same as to other writings. If the first clause of this will, which gives. and devises the land to Thomas K. Scotthorn, is to be considered alone, there can be no doubt that it would. be an absolute devise. But there is the provision immediately following that at the death of Scotthorn all of. said lands should go to the testator's son, and the further provision that, if Scotthorn should marry, all of said property, real and personal, should "revert" to the son and daughter. These provisions are not mere recommendatory or precatory words, praying or. requesting that the property shall go to the children upon the death or marriage of the husband. They are as absolute provisions of the will as the provision making the devise to the husband. And they are not repugnant because they really all relate to the same subject. They denote the intention of the testator that the husband shall take the estate for life, or so long as he shall remain unmarried, and that at his death or marriage it shall descend to the children.

It is said in argument that by use of the word "revert" the testator does not devise property to any one, because the son or daughter never before owned the land. It is very plain that the testator intended the word "revert" in the same sense as "give" or "devise."

Counsel cite a number of cases in this court as sustaining the claim that the devise to her husband was absolute. They are as follows: *Alden v. Johnson*, 63 Iowa, 124; *Case v. Dwire*, 60 Iowa, 442; *Rona v. Meier*, 47 Iowa, 607; *Williams v. Allison*, 33 Iowa, 278; *Benkert v. Jacoby*, 36 Iowa, 273; *In re Will of Burbank*, 69 Iowa, 378; *Bills v. Bills*, 80 Iowa, 269. An examination of these cases will show that this court has at no time relaxed the rule above announced that the whole instrument must be considered in arriving at the intention of the testator. The cases where it is held

that a devise with a subsequent limitation repugnant to the devise is void are such that the devise is plainly intended to be absolute, as where a devise is to one with a provision that whatever of the devised land may be undisposed of at the death of the devisee shall go to other parties. In such cases it is held that the devise is absolute, because it plainly invests the devisee with the power to sell and dispose of the land. There is no such a provision in the will in controversy in this case, and it seems to us that, if we were to hold this devise to be absolute, it would be as plainly subversive of the intention of the testator as if the wife had used these words in her will: "I give and devise my land to my husband, and at his death, or in the event of his marriage, it shall go to my children." And when this rule is considered as it should be, the intent is manifest that the devise to the husband should not be absolute.

II. It is claimed by the appellants that they are entitled to at least one-third interest in the land, because Scotthorn was entitled to a distributive share in the land under the statute. Although there is a prayer for general relief, yet the petition is not a petition for partition. It is a demand or claim founded upon the will, and not upon any right in the land as the surviving husband, and for aught that appears the claim is made for the first time in this court. In view of the averments of the petition, our conclusion is that, if there is any ground for claiming partition under the statute, the plaintiffs should be required to resort to that remedy by an action for that purpose.

2. ACTION to quiet title: relief under general prayer: partition.

The decree of the district court dismissing the plaintiffs' petition is AFFIRMED.

KINNE, J., took no part in the decision of this case.