IN THE MATTER OF THE ESTATE OF JONAS PROCTOR, Deceased, FLORENCE MACK, *et al.,* v. CHARLES PROC-TOR, N. H. DUFOE, Administrator, etc., *et al.,* Appellants.

**Will Construed.** A will devising an estate "during her life with full power to sell as much as may from time to time be needed for her support and the cancellation of debts," with remainder in a son after her death, creates a mere life estate with the specified power to sell, and vests the remainder in the son.

*Appeal from Black Hawk District Court.*—HON. J. L. HUSTED, Judge.

WEDNESDAY, MAY 29, 1895.

Proceedings to construe a will. Judgment for plaintiffs. Defendants appeal.—*Reversed.*

*J. C. Scott* and *Hemenway & Grundy* for appellants

*Courtright & Arbuckle* for appellees.

Kinne, J.—I. This is a proceeding for a construction of the last will and testament of Jonas Proctor, deceased. The material provisions of the will read as

follows: "(2)   I give, devise and bequeath unto my beloved wife, Susan Proctor, all the rest, residue, and remainder of my estate, both real, personal, and mixed, to have and to hold unto my said wife during her life, with full power to sell, transfer, and dispose of same as much as may from time to time be needed for her support and the cancellation of any indebtedness now and hereafter existing.   (3) I further direct that after the decease of my said wife, Susan Proctor, all the then remaining property out of my estate, both real, personal, and mixed, shall revert to, and is hereby given, devised, and bequeathed to, my son, Charles Proctor, to have and to hold unto himself, heirs, and assigns, forever."   There is a further provision that, when Charles Proctor has received the property, he shall pay certain legacies to the decedent's grandchildren, and that such legacies "shall be paid at all events to them out of my estate."   The district court held that, by the terms of the will of Jonas Proctor, Susan Proctor, his widow, had the absolute right to sell and dispose of any and all of the estate during her lifetime, and that by the devise to her she took an absolute estate, and that the subsequent provisions of the will were repugnant thereto and of no effect, to which ruling the defendants excepted.

II.   Did this will vest an absolute estate in Susan Proctor?   It is said by appellee that this case falls within the rules laid down in *Williams v. Allison,* 33 Iowa, 278; *Benkert v. Jacoby,* 36 Iowa, 273; *Rona v. Meier,* 47 Iowa, 607; *Alden v. Johnson,* 63 Iowa, 124, [18 N. W. Rep. 696]; *In re Will of Burbank,* 69 Iowa, 378 [28 N. W. Rep. 648], and other like cases.   We need not review these cases.   The rule laid down in them is clearly stated in *Pills v. Bills,* 80 Iowa, 270, as follows:   "First.   When an estate or interest in lands is devised, or personalty is bequeathed in clear and absolute language, without words of limitation,

the devise or bequest cannot be defeated by a subsequent provision inferentially raising a limitation upon the prior devise or bequest. Second. When there is an absolute or unlimited devise or bequest of property, a subsequent clause expressing a wish, desire, or direction for its disposition after the death of the devisee or legatee will not defeat the devise or bequest, nor limit the estate or interest in the property to the right to possess and use during the life of the devisee or legatee; the absolute devise or bequest stands, and the other clause is to be regarded as presenting precatory language." In addition to the authorities cited in that case, the following also support the rule: *Halliday v. Stickler*, 78 Iowa, 390 [43 N. W. Rep. 233]; *Killmer v. Wuchner*, 74 Iowa, 360 [37 N. W. Rep. 778]; *Bulfer v. Willigrod*, 71 Iowa, 620 [33 N. W. Rep. 136]; *Stivers v. Gardner*, 88 Iowa, 307; *Jordan v. Woodin*, 93 Iowa, 453 (61 N.W. Rep. 950). In the *Stivers Case* it is said that this court has never relaxed the rule that the whole instrument must be considered in arriving at the intention of the testator, and that where a devise had been held to be absolute, notwithstanding a subsequent limitation, it plainly appeared that the devise was intended to be absolute. In the *Jordan Case* it is held that, when the intent of the testator clearly appears, it should not be defeated upon technical grounds. No citation of authorities is needed in support of the rule that it is our duty to ascertain from the will the intent of the testator, and, when so ascertained, we must give effect to it, unless to do so will do violence to the law. Now, it will be observed that, in the cases relied upon by plaintiffs, the ground upon which the various devises were held to vest the devisees with an absolute estate was that, by the terms of the will, the power of control and disposition of the property was absolute and unrestricted in the devisee. We do not think that this case is

within the rule. Nor are we disposed to extend the operation of the rule to cases not clearly within it. In this case the devise is to the wife "during her life, with full power to sell, transfer, and dispose of same as much as may from time to time be needed for her support and the cancellation of any indebtedness now and hereafter existing." Hence there is not conferred an absolute and unrestricted power of disposal of the property. The wife's power to sell, transfer, or dispose of it is conditional. Her authority over the property is limited in this: She can only sell, transfer, or dispose of it if needed for her support, or if necessary to satisfy indebtedness then or thereafter existing. This case, in its facts, differs from any we have heretofore decided. The further provisions of the will are not only consistent with the holding that the widow in fact took but a life estate, with a limited power of disposition, but they clearly show that such was the testator's intent. His subsequent directions touching the property are such that it is evident he had in mind that she should use or dispose of some of the property for the purposes expressly authorized. And such directions are not of a precatory character; they are in the form of absolute dispositions of the property remaining. They provide that the remaining property shall revert to the son. It cannot, as it seems to us, in the light of all the provisions of this will, be doubted that the intent of the testator was to give his wife a life estate, with a power of disposal for certain specified purposes only. Another fact may be stated: The limitation upon the power of disposal of the property is included in the very sentence which it is claimed devises an absolute estate. As the right of the widow to dispose of the property was restricted to certain purposes, and not absolute and unlimited, it must be held that she took only a life estate, coupled with the right to dispose of it only for the purposes

mentioned; and, upon her death, so much of the estate as remained became the property of Charles Proctor, subject to the charges provided in the will. For the error of the district court in holding that the widow took an estate absolute in fee, the case must be *reversed.* '