MARY A. PODARIL v. BARBARA CLARK *et al*, Appellants.

Action to Quiet Title: WILL: LIFE ESTATE: POWER OF DISPOSAL.

1 Testator devised all his property to his wife "for her natural lifetime," adding in an independent sentence "and I further give her the privilege to sell or convey the same to whomsoever she may see or think best to do during her lifetime"; *held* that the life estate and the limited power of disposal were separate grants, and that the latter did not enlarge the life estate into a fee.

JUSTICES DEEMER AND BISHOP dissenting.

*Appeal from Washington District Court.*—HON. JOHN T. SCOTT, Judge.

TUESDAY, OCTOBER, 28, 1902.

ACTION to quiet title. Plaintiff as widow of Wensel Podaril, claims to be possessed of a fee-simple title to certain premises under the will of her deceased husband; and defendants, as heirs of the deceased, claim to have an interest in the same premises. The trial court found plaintiff to be the owner in fee of the premises, and quieted her title as against defendants. From this decree, defendants appeal.—*Reversed.*

*H. M. Eicher* for appellants.

*W. H. Butterfield* for appellee.

McCLAIN, J.—The will under which plaintiff claims was in the following language: "Kno all men by these

presance that I, Wenzel Podaril, convey unto my wife,
Mary Anna Podaril, all my right title and in-

1. WILL: life
estate: power tirest in all of my Property, both Real and
of disposal.

Personal, for her Natureal Lifetime.    And I
further give her the privelege to sell or convey the same
to whomsoever she may see or think best to do during her
lifetime.    This is my last Will and Testament.    All of the
above stated property is in the County of Washington, and
state of Iowa.    This September 24th, 1894."    Counsel for
plaintiff contends for a construction of this will by which
the second clause, authorizing a disposal by the widow
during her lifetime, shall be given the effect of enlarging
the life estate given by the first clause to a fee, under the
rule recognized by this court in the case of *Burbank's
Will*, 69 Iowa, 378.    It is true there are many cases in this
state (tho last being *Law v. Douglass*, 107 Iowa, 606,
where the authorities are fully collected) in which it has
been held that, although the express language of the
granting clause in the will, taken alone, indicates the
devise of a life estate, yet, if the other language, with
reference to the power of disposal which the devisee
may exercise, indicates an intention that the devisee
is to have in his own right, and, as an incident to the
estate granted to him, the full power of control and
disposition of the property, then the estate granted is
in reality a fee.    But an examination of these cases will
show that the power of disposal which is given the effect
of converting the life estate into a fee is descriptive of the
nature of the estate itself, while in the will before us the
grant of the life estate and the grant of a power of dis-
posal are in wholly independent clauses.    The first clause
gives a life estate.    The second specifically grants a power
not included in the grant of a life estate.    This, we think,
renders the reason of the rule announced in *Law v. Doug-
lass, supra*, and the cases on which it is based, inapplicable
here.    For instance, in the case of *Burbank's Will, supra*,

the language construed as creating a fee was: "I give to
my wife, Silenda Burbank,      *   *   *    the entire control
and use of my property of every nature during her life,
*   *   *   to be by her controlled, used, and disposed of as
she may think best, as fully as I could do the same, were
I living." All this language together described the nature
of the estate devised, and it was held to describe a fee,
while in the case before us the testator devises a life
estate, and then continues, "I further give her the privi-
lege to sell," etc. What more apt words could be used to
indicate the intent to devise a power not involved in the
life estate given, but added thereto? The case before us
is plainly distinguishable, also, from that of *Rona v.
Meier*, 47 Iowa, 607, and like cases where it is held that a
clause creating in itself an estate in fee is not limited by
a subsequent precatory clause as to the disposition to be
made of the property remaining undisposed of at the de-
visee's death; for in the will we are considering the first
clause expressly grants a life estate, not an estate in fee.
We cannot agree with the view further urged by plaintiff's
counsel, that there are peculiar circumstances requiring
that the language of this will be construed as creating a
fee, although without such circumstances the language
itself would not be so construed. There are no peculiar
facts here, as there were in the cited case of *Kaufman v.
Breckinridge*, 117 Ill. 305 (7 N. E. Rep. 666), to control the
interpretation.

But before going further, the theory of defendants'
counsel should be considered, which is that the second
clause of the will, providing that the widow shall have
"the privilege to sell or convey the same to whomsoever
she may see or think best to do during her lifetime,"
relates to the life estate given in the first clause, and not
to the property. In support of this contention, counsel cites
*Brant v. Iron Co.*, 93 U. S. 326 (23 L. Ed. 927); *Hender-
son v. Blackburn*, 104 Ill. 227 (44 Am. Rep. 780); *Boyd v.*

*Strahan*, 36 Ill. 355; *Bradly v. Westcott*, 13 Ves. 445. And he relies on these cases as establishing the proposition that where a general power of disposal is given, following the grant of a life estate, such power is to be deemed coextensive only with the estate granted, and therefore as amounting only to a grant of power to dispose of the life estate itself. The comparison which counsel makes between the provisions of this will and those of the wills construed in the cases cited shows on its face that the will before us is clearly distinguishable from those construed. In those wills the power of disposal is given as incidental merely to the grant of the life estate, and may therefore well be limited to the estate given. The rule contended for is laid down in *Welsch v. Bank*, 94 Ill. 191, in the following language: "In all cases where by the terms of the will there has been an express limitation of the estate to the first taker for life, and a limitation over, any general expressions * * * apparently giving the tenant for life an unlimited power over the estate, but which do not in express terms do so, must be regarded as referring to a life interest only, and therefore as limited by such interest." It might be difficult to draw an accurate line between these cases and those represented by *Law v. Douglass*, *supra*, in our own state, in which the incorporation of an unlimited power of disposal as a characteristic of the estate granted converts what would otherwise be a life estate into a fee; but we shall not attempt now to draw this line, nor to determine whether, in view of our previous decisions, the cases relied on by defendants' counsel can be followed.

As applicable to the present will, the difficulty with the rule contended for by plaintiff's counsel is that it nullifies the first of the two independent clauses, and gives effect only to the second, while the theory of defendants' counsel would nullify the second clause, and give effect only to the first; for, if the first clause grants a life estate, then the

power of disposition of such life estate follows as a matter of course, without further expression, and the language of the second clause is wholly superfluous. It may not be in accordance with the actual facts in particular cases to say that the testator must have known and understood the legal effect of the language used, but courts, in construing wills, cannot proceed on any other assumption than that each clause was intended to have some effect; and they will give operation to each provision, if practicable, consistently with any reasonable interpretation of the language used in other provisions.

It seems to us that the language of this will, consisting, as it does, of two independent provisions, one granting a life estate, and the other granting a limited power of disposal (that is, a power to be exercised only by disposition during life, and not by will), brings it within the rule recognized in the cases of *Spaan v. Anderson*, 115 Iowa, 121, and *In re Proctor's Estate*, 95 Iowa, 172, by which both clauses may be given effect, to wit, that the devisor may create a life estate, and in addition give to the same person an independent power to dispose of the property during life, either for a specified purpose, or without limitation as to the purpose. This rule is recognized, also in *Law v. Douglass, supra*, in the following language: "The distinction between the attempt to devise the estate remaining after the death of the devisee, to whom the absolute fee has been given, and the remainder after the exercise of power of disposition thereof as a separate interest, where a life estate only is given, should be observed. To the gift of a life estate may be annexed the right to sell the remainder for defined purposes as a separate gift, and a devise of the part undisposed of is held good." And in *Spaan v. Anderson, supra*, we have said that "while this court never expressly held that absolute power of disposal, without limitation as to the purpose to which the property may thus be appropriated, does not enlarge the express grant of a life estate so

as to convert it into a fee simple, yet there are no cases inconsistent with this conclusion, and the authorities in other states seem to recognize the principle that to the devise of a life estate this unlimited power of disposal may be added without affecting the nature of the estate devised." In *Van Horne v. Campbell*, 100 N. Y. 287 (3 N. E. Rep. 316, 771, 53 Am. Rep. 166), the court uses this language: "Such of the cases as sustain a limitation over after the life estate, accompanied with a limited power of disposition in the life tenant, proceed upon a distinction perfectly well settled, and fall within that common form of limitation, viz., a limitation for life, with power of appointment in the life tenant, and remainder over on default of its exercise. The estate created by the exercise of the power does not take effect out of the interest of the life tenant, but out of the estate of the grantor of the power not embraced in the life interest." We are not now required to hold that an unlimited power of disposal may be added to a life estate without converting it into a fee. The power given in the will we are now considering is limited to a disposition taking effect during the widow's life, and does not extend to disposition by will. *Fidler v. Lash*, 125 Pa. 87 (17 Atl. Rep. 240); *McCauley's Appeal*, 93 Pa. 102; *Harmon v. Smith* (C. C.) 38 Fed. Rep. 482. It might, perhaps, be urged in opposition to the application of the rule of the cases hereinbefore cited with reference to giving a power of disposal in addition to a life estate to the will now before us that in most of them, if not all, there was a devise of the remainder after the life estate, while here the will is silent as to the disposition of such remainder. But we cannot see that this is a controlling consideration. Where the remainder is expressly devised, the devisee thereof takes subject to the contingency that the remainder may be partially or entirely consumed by the exercise on the part of the life tenant of the additional power of disposal, but under this will the

remainder, being undisposed of, passes at once to the heirs at law, subject to the same condition, to wit, that the inheritance may be destroyed by the absolute power of disposal given to the widow for her life. It may be, therefore, that these defendants will never receive any benefit from the inheritance of the remainder left after the devise of the life estate, by reason of the exercise by the widow of the power of disposition of the property; but that fact does not prevent their having a present interest in the property, and the right to the enjoyment thereof after the life estate shall be extinguished, provided the property, or any portion thereof, remains undisposed of when the widow's power of disposal is terminated by her death. We have no occasion now to consider what may be the rights of defendants in the proceeds of the property, should the widow exercise her power of disposal by selling the fee or exchanging it for other property.

The conclusion we reach is not in harmony with that contended for either by counsel for plaintiff or counsel for defendants, but it necessitates a reversal of the decree of the lower court. The decree should have been that plaintiff is not the owner of the premises in fee, and her petition should have been dismissed.—REVERSED.

DEEMER, J. (dissenting).—I think it must be conceded that the will gives the wife, Mary Podaril, a life estate, coupled with absolute power of disposition "to whomsoever she may see (fit) or think best to do during her lifetime." Such grant was not necessary to the creation of a life estate. She had the right to sell or dispose of her life estate as a necessary incident thereto. The testator had some purpose in granting this absolute power of disposition. That purpose we must arrive at from the established canons of construction, which are so firmly imbedded in our jurisprudence that every one is presumed to have knowledge thereof, and to act with reference thereto.

The fact that the power of disposition is conferred, not in an independent paragraph, as the majority would have it, but in a complete sentence, properly punctuated, is not, in my judgment, of any importance. The majority say that, as the power is limited to the natural life of the devisee, it is qualified, and for that reason does not enlarge the estate devised into a fee. This proposition is not plain to my mind. I do not just see how one can sell and convey an estate after death. Real property may pass by descent or by purchase. Property which passes by will does not descend. That a devise is a purchase is wiitten on the hornbook of the law. A will or a deed must be made during the lifetime of him who executes it. A will speaks from the death of the testator, but it is nevertheless the act of the testator, and must be executed during his lifetime. I do not think the power of disposition contained in the will is limited. On the other hand, it seems to me to be absolute and unlimited. The testator evidently intended to dispose of his estate by will, and it will be noticed that he made no disposition of the fee, if the majority opinion is correct. Had he made a disposition of the remainder, I would then have less hesitancy in argeeing with my Brethren. *Weaver v. Weaver's Ex'rs*, Ky. (18 S. W. Rep. 228, 36 Am. St. Rep. 604); *Ladd v. Chase*, 155 Mass. 417 (29 N. E. Rep. 637); *Barnes v. Marshall*, 102 Mich. 248 (60 N. W. Rep. 468.) That he does not do so is to my mind quite significant. Certainly it has an important bearing on the question of intent. True, in the first sentence of the will the devise seems to be for life, but to that estate is annexed absolute power of disposition "to whomsoever she may think best to do." What, then, is the effect to be given a devise of real estate for life, with absolute and unlimited pcwər of disposition. Our own cases are not entirely clear on this subject, but we have never, I think, departed from this doctrine: that such a power added to the life estate in the manner indi

cated by this will creates an estate in fee. It will further
be noticed that the widow is given power to sell and con-
vey the same; meaning, as I think, all the property
belonging to the testator, both real and personal. The
grant of absolute power and dominion over the property
necessarily carries with it absolute ownership thereof.
*In re Burbank's Will*, 69 Iowa, 381. Time and again we
have said that, if the first taker of property under a will is
given full power of disposition, he must be considered the
absolute owner thereof. *Rona v. Meier*, 47 Iowa, 609;
*Alden v. Johnson*, 63 Iowa, 125; *Killmer v. Wuchner*, 74
Iowa, 359; *Pellizzarro v. Reppert*, 83 Iowa, 498; *Halli-
day v Stickler*, 78 Iowa, 388; *Law v. Douglass*, 107 Iowa,
603; *In re Barrett's Will*, 111 Iowa, 570; *Williams v. Al-
lison*, 33 Iowa, :78. As said in *Benkert v. Jacoby*, 36
Iowa, 273: "In order that the widow may dispose of the
fee, she must be invested with that title." This, to my
mind, seems very clear, and the only difficulty is to deter-
mine whether or not the power is annexed as a separate
gift, in which the property undisposed of may be devised
to another, or a devise of property with absolute power of
disposition in the first taker. Was the power of disposition
in this case a separate gift? I think not. It is not the
remainder which the devisee is authorized to sell and con-
vey, as in *Collins v. Wickwire* (Mass.), 38 N. E. Rep. 365, and
some other cases relied upon by the majority, but all the
real estate and personal property theretofore owned by
the testator. The majority admit, as I understand it, that
the widow is given full power to dispose of the fee, but
seem to think that this is a separate gift, because contained
in another sentence of the will. I do not think punctua-
tion should be given this effect. Had the will made the de-
vise just as it does, and proceeded, "with privilege to sell
or convey the same to whomsoever she may see fit or think
best," it would seem there would be no separate gift. The
language of the will in *Law v. Douglass, supra*, gave the

devisee power to sell the real estate, and we said, "Having given her the property, with unlimited power of disposition, nothing remained to be disposed of to another." In *Hambel v. Hambel*, 100 Iowa, 459, the widow was given power to sell and convey all testator's real and personal property, but a remainder was also disposed of. It will be observed that the widow in that case was not given power to make a will, except as that power might be inferred from the power given, but we held that the widow took the fee; quoting a statement from *Halliday v. Stickler*, 78 Iowa, 388, which has become almost a commonplace with the profession, as follows: "If the first devisee has power, by the terms of the will, to dispose of the property, he must be considered the absolute owner." This was said, it will be noticed, in a case where there was a devise of the remainder; and we further added in that case, "and any limitation over is void for repugnance." In the *Halliday Case*, we said: "If a life estate was intended to be devised, the whole of the real estate would be left at the death of the devisee, and he could not by sale enlarge his right thereto." *In re Proctor's Estate*, 95 Iowa, 172, there was a limited power of disposition, and we held the devise was for life; but in that case we again recognized the rule that, where the power of sale is absolute, the estate devised is a fee, and not limited to the life of the first taker. It is difficult to see how one may sell a greater estate than he has. If the devisee may sell and convey a fee, he certainly must be possessed of such an estate, or be given a power independent of the estate to make the transfer. I do not question the rule that one may have a power coupled with an estate, but when the power is conferred as a part of the estate granted, or is a description of that estate, there should be no doubt, I think, under our decisions, of the character of the estate granted. In the *Pellizzarro Case* there was a devise for life in express terms, but

VOL. 118 IOWA.—18.

this was followed by these words: "To be used and disposed of in such manner as she sees fit, and at her death, if any remains," etc., "it shall go to my children." Here there was not only an express limitation of the estate, but an attempt at disposition of the remainder, which, if the majority are correct, was nothing more than a life estate, with power of disposition as a separate gift, and an express disposition of the remainder. But in that case we again said: "It is the rule that a devise of property in general terms, with power of disposal creates an estate in fee, and any limitation over is void for repugnancy." It will be noticed that this language was used in a case where the devise to the first taker was expressly of a life estate.

I will not take time to quote from all the cases where the quoted expression has been used. They are so numerous and familiar that it would be a work of supererogation to do so. Some of the decisions in which it has been used are cited in this dissent, and others may easily be found. True, in some of them the language may be said to be dictum, but dictum oft repeated may have the force and effect of law. If this be true, then the principle for which I contend is certainly the law of this state. Other jurisdictions are in conflict on the proper rule to be applied in such cases, and I will not take the time necessary to cite and review these authorities. Many of them will be found in *Law v. Douglass, supra*, where the whole matter was quite fully considered. Suffice it to say that I am not without support in respectable authority. See *Bolman v. Lohman*, 79 Ala. 63; *Judevine's Ex'rs v. Judevine*, 61 Vt. 587 (18 Atl. Rep. 778, L. R. A. 517); *Basford v. Street*, 16 Ves. Jr. 135; *May v. Joynes*, 20 Grat. 692; *Hood v. Bramlett*, 105 Ala. 660 (17 South. Rep. 105); *Dillard v. Dillard's Ex'r*, 78 Va. 208; *Hershey v. Bank*, 71 Minn. 255 (73 N. W. Rep. 967); *Bradley v. Carnes*, 94 Tenn. 27 (27 S. W. Rep. 1007, 45 Am. St. Rep. 696); *In re Moehring*, 154 N. Y. 423, (48 N. E. Rep. 818); *In re Jones*

[1898] I Ch. 438, s. c. 78 Law Times (N. S.) 74; *Barcley v. Platt,* 170 Ill. 384 (48 N. E. Rep. 972). When the majority concede that the first taker has power not only to dispose of her life estate, but the fee as well, it seems to me that the conclusion I arrive at necessarily follows, if we are to give effect to our previous decisions. This is especially true where, as here, there is no limitation over, and no attempt to dispose of the remainder. We must assume, I think, that the testator knew of our previous holdings, and that he attempted to dispose of his entire estate by will. Had he looked at our cases, and read the oft-asserted expression which I have quoted, I have no doubt about what he thought he was devising to his wife. The effect of a limitation or of the gift of a remainder is fully explained in *Van Horne v. Campbell,* 100 N. Y. 287 (3 N. E. Rep. 316, 771, 53 Am. Rep. 166), and cases therein cited. If there is a limitation for life, with power of appointment, simply, in the life tenant, and a remainder over in default of its exercise, nothing but a life estate, according to the majority of the cases, is devised. But if the power is not of appointment but is annexed to the primary estate devised, so that the estate conv y.ed pursuant to the power takes effect out of the interest of the first taker, then a fee is created, and any limitation over is void. The distinction made is between an estate passing from the grantor of the power, in virtue of the appointment, and a power in the devisee or first taker to sell the property as his own. Whenever there is a devise of what remains after the exercise of the power, it is clear that, as a general rule, the estate conveyed or devised by the will is that reserved by the devisor after the devise of the life estate. But where there is no devise of the remainder, but full disposition is made of the property, accompanied with absolute disposing power in the first taker, nothing remains, and a fee is created. The distinction is between an interest and a trust, which, I

admit, is not very clear; but, in reason, there seems to me to be no distinction between absolute power of disposition and absolute ownership, especially where the power is to be exercised by the party for his own benefit. That Mary A. Podaril had power to dispose of a fee during her life, as part of the estate granted to her, seems to me to be clear; and, in view of our previous holdings, I think the judgment should be AFFIRMED.

BISHOP, J.—I concur in the dissenting opinion of DEEMER, J.