Louisa Stratton Channell v. Rachel Aldinger, *et al.*, Appellants.

Wills: CONSTRUCTION: ESTATE IN FEE: REPUGNANCY. A testator devised to his wife ''all of my real estate and personal prop-erty of all and every kind that I may be posssessed of at the time of my decease,'' and provided further that in case she should die without issue and intestate then the property should descend to another, if living; if not, to her heirs; *held*, the wife took a fee, and the provision for a further dis-position of the property was repugnant thereto and void.

*Appeal from Keokuk District Court.*—HON. W. G. CLEM-·
ENTS, Judge.

THURSDAY, OCTOBER 15, 1903.

ACTION to construe a will. A demurrer to the petition
was overruled, and a judgment was rendered on the plead-
ings for the plaintiff. The defendants appeal.—*Affirmed.*

*Brown & Brown* for appellants.

*B. W. Preston* for appellee.

SHERWIN, J.—The clause of the will which is before us
for construction is in the following words: "I give and
bequeath to my wife, Louisa Stratton, all of my real
estate and personal property of all and every kind that I
may be possessed of at the time of my decease, and in
case of my wife, Louisa Stratton, dying without issue and
without devising of said property by will, then, in
that case, the said property willed to her by me shall
descend to Rachel Aldinger, if living; if not, then to
her heirs, forever." The district court decreed that
the plaintiff took thereunder an absolute title in fee
to the real estate left by the testator, her husband. There
is no serious difficulty in determining the intent of the
testator from the language of the will itself. In the fore
part of the clause an absolute bequest is made of his entire
estate. Nothing is contained therein which in any way
indicated a purpose to create a life estate only. In the
latter part of the clause the language which it is contended
limits the estate to one for life in our judgment recognizes
the bequest as in fee. It distinctly says that, if the de-
visee shall not have disposed of the property by will at the
time of her death, then it shall descend to the persons
named by the testator. We think it conclusive that the
testator intended to and supposed that he was in fact mak-

ing a will which would vest his entire estate absolutely in his wife, with full power of disposition for any purpose; and, if this is true, it follows that his attempt to direct to whom it should go in case it was not disposed of by his primary devisee is repugnant to his gift and void.    This ule is thoroughly settled by our own cases and by the great weight of authority elsewhere.    Among .our own ases so holding are *Bills v. Bills*, 80 Iowa, 269; *Law v. Douglass*, 107 Iowa, 606; *Hambel v. Hambel*, 109 Iowa, 459; *In re Barrett's Will*, 111 Iowa, 570.    In *In re Estate of Proctor*, 95 Iowa, 172, relied upon by the appellants, the devise to the wife expressly stated that it was for life, and the power of disposition was limited to sales necessary to furnish her support and pay debts—a decidedly different case from the one at bar.    And in *Podaril v. Clark*, 118 Iowa, 264, the devise was also for the devisee's natural lifetime, with an additional grant of power of disposal in a separate clause of the will.    The conclusion we reach on this branch of the case eliminates the question of a conditional fee, and we will not further notice it.

The demurrer was rightly overruled, and the judgment is AFFIRMED.