In the Matter of the Estate of JOHN J. CONDON, MARY J. CONDON, Executrix, MARY J. CONDON, Widow, Appellants, v. LOUIS J. CONDON, et al., Appellees.

**Wills:** CONSTRUCTION: LIFE ESTATE: REPUGNANCY. Where a testator has made an absolute devise of property in fee to one person, a subsequent provision attempting to vest the remainder in others is re-

pugnant and void; but where the devise was of all his property to his wife for her own use and benefit during her natural life, and upon her death the remainder to be divided equally among the testator's named children, the widow took a life estate simply and the bequest of the remainder was valid.

*Appeal from Cherokee District Court.*—HON. W. D. BOIES, Judge.

THURSDAY, NOVEMBER 5, 1914.

PROCEEDING in probate for the construction of a will. The trial court ruled that the widow takes a life estate, and she appeals.—*Affirmed.*

*William Mulvaney,* for appellant.

*Molyneux & Maher,* for appellees.

PRESTON, J.—The only question is whether the widow takes a fee or a life estate in the real property. There is some claim by appellants in the printed argument that they were entitled to a construction of the will as to the personal property, but we are of opinion that this was not asked in the pleadings or presented to the trial court. In oral argument, counsel state that they do not now press that point, and it is not adjudicated. The widow is also the executrix.

Deceased left personal property of the value of $20,000, one thousand acres of land in South Dakota, and other real estate in Cherokee county. The will is short. The first paragraph provides for payment of debts, the third appoints his wife as executrix, and the paragraph in dispute reads:

2. I give to my wife, Mary J. Condon, all of my property, real, personal or mixed, wheresoever situated, which I now own or may die possessed of, for her own use and benefit during her natural life, and at her death, I direct that what is then remaining of the estate, shall be equally divided, share

and share alike, between my children, Nellie, Louis J. and Mary.

The rule often stated, and to which counsel agree, is, briefly stated, that in the interpretation of wills the intention of the testator governs and will be carried into effect, unless to do so would violate some rule of law.

There is another line of cases holding that, where there is an absolute fee devised, testator may not, in subsequent portions of the will, again give the same property to others, because the later provision is repugnant and void. In such case it is, perhaps, more a question of power to again dispose of property already devised rather than a question of intention. There is a distinction between a devise of a life estate to one person, with the remainder to others, and the devise of an absolute estate to one, and an attempt to further dispose of the estate. Appellant cites a number of cases, among them *Channell v. Aldinger,* 121 Iowa, 297; *Talbot v. Snodgrass,* 124 Iowa, 681; *Meyer v. Weiler,* 121 Iowa, 51.

We think counsel erroneously assume that testator in the will in question does by the first provision of paragraph 2 absolutely dispose of his property. Had testator omitted the words "during her natural life," we would have a different proposition. In that case the will would be very much like the *Channell* case and some of the others cited. We have no difficulty in determining the purpose and intent of the testator from the language used. He gives her his property for her own use and benefit during her natural life, and at her death what is then remaining to be divided between his children, who are named. The words last quoted clearly indicate the intention to give a life estate. We shall not attempt to cite all the cases, but as bearing on this see *Paxton v. Paxton,* 141 Iowa, 96; *In re Estate of Proctor,* 95 Iowa, 172; *Steiff v. Seibert,* 128 Iowa, 746; *Podaril v. Clark,* 118 Iowa, 264; *Channell v. Aldinger, supra.*

The will in the instant case does not contain an express

power to sell. Whether the widow may sell for her support need not be now determined, for that question has not been argued. The only contention at this point is that the language used, that the gift is for her use and benefit, is a power of disposal, and indicates an intention to vest in her the fee. Conceding for the purpose of argument that she may sell, it is a limited power, and will not enlarge her life estate into an estate in fee. *Paxton v. Paxton, supra,* and cases therein cited.

The trial court rightly held that the widow did not take the fee and the judgment is therefore—*Affirmed.*

LADD, C. J., and EVANS and WEAVER, JJ., concur.