ISABEL ALDEN et al., Appellees, v. JOHN T. MELING et al., Appellants.

**WILLS: Fee with Enjoyment Postponed.** A will which "gives and bequeaths" all of testator's property to named children, "share and share alike," with direction to the executor to take possession and manage the same for a named number of years, conveys a fee, with possession and enjoyment postponed.

*Appeal from Marshall District Court.*—JAMES W. WILLETT, Judge.

FEBRUARY 17, 1919.

ACTION in equity to construe a will. The trial court construed the will in accordance with plaintiffs' contention, and defendants appeal.—*Affirmed.*

*F. E. Northup* and *J. R. Caldwell,* for appellants.

*Struble & Stiger,* for appellees.

PRESTON, J.—The will, after providing for the payment of debts and funeral expenses, provides:

"Second. I hereby give and bequeath to my eight children namely, Lewis Meling, Ellen Thorsen, Matilda Sampson, Isabel Alden, John T. Meling, Pauline Thorsen, Gifford Meling and Clara Meling, all of my property, both personal and real, of every kind and description, share and share alike.

"I hereby direct my executor herein and afternamed, to take charge of my property at my death, to control it, manage it, and keep it together for five years, from the date of probating of this will. At the expiration of five years I direct him to distribute my property equally among my children, with one exception.

"One, Matilda Sampson, the executor, is to take charge and control her share for (15) fifteen years from the time stated above for the distribution of said estate, and, at the said time, pay the same to her, or her legal heirs.

"Third. It is the intention of this will, that the executor may use from the proceeds, of this property, such an amount as will be necessary to carry on the farm, and care of the property, such as taxes, repairs, and labor, during the five years directed above."

Paragraph 4 appoints his son John T. Meling sole executor, without bond. The contention of plaintiffs is that, by the second clause of the will, an absolute devise and bequest was given to each of testator's children, and created a fee in the donees in the real estate, and an ab-

solute bequest of the personal property, with the time of enjoyment postponed. On the other hand, appellants contend that said clause did not create such an estate. They contend further that the will is plain, concise, and unambiguous in its terms, and that there existed no reason for a construction of the will, and further, that the construction adopted by the court was and is contrary to the intention of the testator. The trial court, by its decree, found that the part of said second division ending with the words "share and share alike" gives the real estate in fee to the eight children named, and bequeaths all of the personal property to said eight children, and that subsequent clauses in said will in no way affect the real estate devised to the eight children, as provided in the second paragraph, except that it postpones the enjoyment and possession of the real estate for five years from the date of the probating of the will; and further, that the provisions as to the distribution of the estate by the executor refer solely to the personal property and the net income from the real estate, collected from the rents therefrom by the executor, during the five years that the real estate is controlled by him; and that the personal property and net income should be distributed to the children at the expiration of five years from the date of the probate of the will, except as to Matilda Sampson, whose share in the personal estate is to be retained by the executor for fifteen years, and then distributed as provided by the will. We have not set out the decree in full, but the foregoing is the substance of it. We are of opinion that the trial court correctly interpreted the will, and that, as so interpreted, it carries out the intention. It seems to us that the finding of the trial court in the decree leaves little else to be said. It is not quite clear what appellants' contention really is, except that they contend that the language in Paragraph 2 does not devise the fee in the real estate and a bequest of the personal property, and they

say that subsequent provisions of the will limit the first part of Paragraph 2; but they do not otherwise state what their contention is, as to what the intention of the testator was, or what interest the eight children take.

We think the interpretation by the trial court does limit the prior provisions of the will, in so far 'as it is proper to do so, to carry out the plan or intention of the testator. Appellants make this further suggestion: that it is within the power of the testator to devise a conditional or defeasible fee, and that, where the devise is made subject to a clearly expressed condition, it is not within the province of the court to sever the condition from the gift, and declare absolute and unlimited the title which the testator has made limited and conditional. To this point, they cite *Guilford v. Gardner*, 180 Iowa 1210; *Meek v. Briggs*, 87 Iowa 610; *Stivers v. Gardner*, 88 Iowa 307; *Wilhelm v. Calder*, 102 Iowa 342; *Canaday v. Baysinger*, 170 Iowa 414.

We had occasion to consider the question in regard to defeasible or conditional fee in the case of *Staack v. Detterding*, 182 Iowa 582. We are of opinion that the will now under consideration does not contain any condition, the happening of which would defeat the gift to the eight children named in Paragraph 2. Counsel for either side cite authorities, and, in fact, concede that the rule of construction applied to wills is to ascertain and give effect to the intention of the testator. This does not state quite all of the rule. If the testator's intention has been determined, his intention will be carried into effect, unless to do so would violate some rule of law. *Sherlock v. Thompson*, 167 Iowa 1, 6. There are many cases in our books holding that language similar to that used in the fore part of Paragraph 2 of this will vests the title. It is conceded by appellants that the language used in Paragraph 2, ending with the words "share and share alike," standing alone,

would vest the fee in the real estate, and the title in the personal property. It was so held in *Channell v. Aldinger*, 121 Iowa 297; *Bills v. Bills*, 80 Iowa 269, 270; *In re Estate of Proctor*, 95 Iowa 172, and cases cited; *In re Estate of Condon*, 167 Iowa 215, 217; and other like cases. There is nothing in later provisions of this will to divest such title, if, indeed, it could be done. The subsequent limitations of the will postponed the enjoyment, as found by the trial court. It may not have been accurate for the court to say in the decree that the real estate was devised absolutely, and in fee simple. Strictly, the children took the fee to the real estate and the title to the personal property, subject only to the postponement of enjoyment. Appellees cite, at this point, *Elberts v. Elberts*, 159 Iowa 332. Cases are cited by either side defining the word property, and holding that it includes real and personal property; also definitions of "distribute" or "distribution," as being applicable to money or personal property, and definitions of the word "pay." These have some bearing, but are not controlling. We are of opinion that the trial court right- ly decided the matter, and the decree is, therefore,—*Affirmed.*

LADD, C. J., EVANS and SALINGER, JJ., concur.