2006 VT 110

**Dawn FARR (Glover) v. David SEARLES**

[910 A.2d 929]

No. 05-563

¶ 1. November 1, 2006. Defendant appeals from a relief-from-abuse order entered in the Rutland Family Court by Acting Judge John Liccardi, ordering defendant to refrain from abusing plaintiff Dawn Farr, a neighbor with whom defendant had been engaged in a long-standing dispute over parking. Plaintiff claimed that defendant ran into her with his van, causing her to fall down. Defendant argues on appeal that plaintiff failed to plead and prove that she was a vulnerable adult under the Abuse of Vulnerable Adults statute, 33 V.S.A. §§ 6901-6914, and the trial court failed to find the facts necessary to invoke such jurisdiction or make findings required to support a legal conclusion that abuse had occurred. Defendant also contends that the acting judge had no authority to try the case without a knowing waiver of the right to a constitutional judge. We vacate the order because we agree with defendant

that the trial court failed to make any findings on whether plaintiff was a vulnerable adult within the meaning of the statute, and the evidence on this point was insufficient as a matter of law. It is unnecessary, therefore, to reach defendant's constitutional question.

¶ 2. Plaintiff claimed that she was a "72 year old vulnerable adult as defined by Title 33. She suffers from infirmities of aging: has two bad hips that need replacement and two bad knees. [She] also suffers from congestive heart failure. [She] also lives alone." The trial court stated in its decision that its "job is to determine under the appropriate statute whether or not it is more likely than not that abuse or exploitation of an *elderly* person has occurred." (Emphasis added.) It then concluded that abuse could be defined in numerous ways, that the plaintiff was injured by defendant, and that an order would issue.*

¶ 3. Although we do not require extensive findings for relief from abuse proceedings, the trial court erred when it made no factual findings on the evidentiary issues and no findings on the jurisdictional issue of whether plaintiff was a vulnerable adult. *Begins v. Begins,* 168 Vt. 298, 301, 721 A.2d 469, 471 (1998) (holding that family court's conclusions will not be set aside if supported by findings). The trial court appears to have looked at the former statute, in which a

---

* Defendant filed a motion for a new trial, which was heard by Judge David Howard, raising the same issues raised on appeal. The motion was denied. For the reasons stated in our opinion, the denial was an abuse of discretion. *Irving v. Agency of Transp.,* 172 Vt. 527, 528, 768 A.2d 1286, 1289 (2001) (mem.) (providing that review of a trial court's decision on motion for new trial is for abuse of discretion).

plaintiff could claim the protection of the statute if she was "elderly" or over sixty years of age. In 2002, the statute was amended to require that any person claiming protection under 33 V.S.A. §§ 6901-6914 had to plead and prove that she was a "vulnerable adult." *Id.* § 6904.

¶ 4. "Vulnerable adult" is defined in 33 V.S.A. § 6902(14) and numerous subsections. The only subsection that has any applicability to this case is subsection (D)(ii). Under that subsection, vulnerable adult means:

> [A]ny person 18 years of age or older who:
>
> . . . .
>
> (D) regardless of residence or whether any type of service is received, is impaired due to . . . infirmities of aging . . .
>
> . . . .
>
> [and] (ii) because of the . . . infirmity, the individual has an impaired ability to protect himself or herself from abuse, neglect, or exploitation.

*Id.* § 6902(14)(D)(ii).

¶ 5. A mere listing of physical ailments, which many people suffer, was not sufficient to establish that plaintiff was unable to protect herself from abuse, neglect, or exploitation. Plaintiff's testimony at the hearing was that she could no longer ride her bike, run, walk fast, or hike. The trial court, even if it had chosen to make findings, could not have concluded from this evidence that plaintiff was unable to protect herself from abuse. See *Begins,* 168 Vt. at 301, 721 A.2d at 471 (requiring family court conclusions to be supported by findings which are supported by the evidence). The evidence was to the contrary because the factual dispute was whether plaintiff refused to get out of the way of the van or whether defendant deliberately hit her. There was no evidence to suggest that, even if the trial court accepted plaintiff's version of events, that she could not walk away from the altercation.

¶ 6. Therefore, we conclude there was no jurisdiction for an order against defendant under the Abuse of Vulnerable Adults statute. The order is vacated and the case dismissed.