# IN THE COURT OF APPEALS OF IOWA

No. 15-0153
Filed April 27, 2016

**Upon the Petition of**
**JUDITH ANN CHAPMAN,**
    Petitioner-Appellee,

**And Concerning**
**JOHN KENDALL WILKINSON JR.,**
    Respondent-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Robert A. Hutchison,

Judge.


Respondent appeals the district court decision granting an elder abuse

protective order to petitioner. **AFFIRMED.**


Carmen E. Eichmann of Eichmann Law Firm, Des Moines, for appellant.

Judith Ann Chapman, Grimes, appellee pro se.


Considered by Bower, P.J., McDonald, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**BOWER, Presiding Judge.**

John Wilkinson Jr. appeals the district court's decision granting an elder abuse protective order to Judith Chapman. We find John was advised of his right to counsel, Judith was a "vulnerable elder," John committed elder abuse as an adult child, not as a caretaker, and Judith retained a life estate in the mobile home. We affirm the district court.

## I.     Background Facts & Proceedings

Judith, sixty-nine years old, is the mother of John, an adult son. When her husband died, Judith purchased a double-wide mobile home in Grimes. In 2011, Judith put the title to the home in John's name, telling him, "It would be his inheritance. When I die, then that's his." Judith continued to live in the home and paid the taxes for it.

At some point Judith's daughter, Jennifer Wilkinson, came to live with her. On October 25, 2014, John called the Polk County Sheriff's Department, stating he owned the mobile home and asserting Jennifer was trespassing. After discussing the matter with Judith and Jennifer, a deputy informed John this was a civil matter. John began putting eviction notices on the door of the mobile home, stating Judith and Jennifer needed to leave by December 1, 2014.

On November 4, 2014, Judith filed a petition for relief from elder abuse, pursuant to Iowa Code chapter 235F (Supp. 2014), naming John as the respondent. The district court issued a temporary protective order. On November 5, 2014, John filed a motion for a continuance, which the court granted.

The case proceeded to a hearing on November 24, 2014, with both parties appearing pro se. Judith testified she intended for John to have the mobile home after she died as his inheritance. Judith stated at one point John asked her to pay him $35,000 to get the title to the mobile home back. Jennifer testified, "We knew from the beginning that the trailer would go to John in inheritance upon her death." John testified:

> I am the sole proprietor of that property. She drove down to the courthouse, transferred it into my name of her own doing, brought it to me in Panora, of her own doing, and said, "Here's the title to the trailer. If something happens to me, it's yours. That way there is no dispute who it belongs to."

John stated he believed he had the ability to sell the mobile home.

The district court entered a protective order on November 24, 2014, finding John had committed elder abuse, as defined in chapter 235F. The court found John had financially exploited Judith by failing to recognize the life estate she maintained in her mobile home at the time she gifted the remainder to him. The court ordered John "shall take no action to infringe upon plaintiff's life estate in the mobile home." John was prohibited from exercising control over or transferring any interest in Judith's property.

John obtained counsel and filed a motion pursuant to Iowa Rule of Civil Procedure 1.904(2). The district court denied the motion, finding (1) John had been advised of his right to counsel at the time he personally appeared before the court requesting a continuance; (2) there was sufficient evidence to show Judith was a "vulnerable elder"; (3) John was found to have committed elder abuse as an adult child, not as a caretaker; and (4) there was sufficient evidence

in the record to show Judith retained a life estate in the mobile home. John now appeals the decision of the district court.

## II.      Standard of Review

"If the factual basis for the alleged elder abuse is contested, the court shall issue a protective order based upon a finding of elder abuse by a preponderance of the evidence." Iowa Code § 235F.2(2); *see also* § 235F.5(1) ("[T]he plaintiff must prove the allegation of elder abuse by a preponderance of the evidence."). Therefore, we will review to determine whether the court's order is supported by a preponderance of the evidence. A preponderance of the evidence means the greater weight of the evidence. *Wiles v. Myerly*, 210 N.W.2d 619, 624 (Iowa 1973).

## III.     Merits

**A.**     John first claims he should have been advised of his right to be represented by counsel. Iowa Code section 235F.5(5) provides, "The court shall advise the defendant of a right to be represented by counsel of the defendant's choosing and to have a continuance to secure counsel."

In ruling on John's post-trial motion, the district court stated:

> On November 5, 2014, [John] appeared in person in Room 412 of the Polk County Courthouse seeking a continuance of the scheduled trial date for a protective order due to a work commitment. At that time, the undersigned spoke personally with [John]. The undersigned advised [John] that he was entitled to have an attorney at the trial, but that the case would not be continued a second time in order for him to obtain counsel. Finally, during the trial [John] testified that he had consulted an attorney about the case.

There is no transcript of the court's discussion with John about the right to counsel. In addition, the order filed on November 5, 2014, granting a

continuance does not mention this discussion. During the hearing on November 24, 2014, John testified, "My attorney advised me this is a gifter's remorse." The court asked John the name of his attorney and whether he was present. John stated his attorney was not present and the court responded, "Probably would have been a good idea to have him here today." We conclude the court personally advised John of his right to be represented by counsel under section 235F.5(5) at the time it ruled on the motion for a continuance, and John consulted with counsel but was not represented at the hearing.

**B.** John claims there is insufficient evidence in the record to support a finding Judith was a "vulnerable elder." Section 235F.1(17) provides, "'Vulnerable elder' means a person sixty years of age or older who is unable to protect himself or herself from elder abuse as a result of age or a mental or physical condition." John states there is no evidence to show Judith was unable to protect herself due to a mental or physical condition. In the post-trial ruling, the court stated Judith was a "vulnerable elder" under section 235F.1(17) because she was unable to protect herself from financial exploitation due to her age. The court's finding on this ground is supported by a preponderance of the evidence, as Judith had been subjected to financial exploitation and she was sixty-nine years old.

**C.** John claims he cannot be found to have committed elder abuse because he was not a caretaker for Judith. One of the grounds for elder abuse is financial exploitation. Iowa Code § 235F.1(5)(a)(4). Section 235F.1(8) provides:

> "Financial exploitation" relative to a vulnerable elder means when a person stands in a position of trust or confidence with the vulnerable elder and knowingly and by undue influence, deception,

coercion, fraud, or extortion, obtains control over or otherwise uses or diverts the benefits, property, resources, belongings, or assets of the vulnerable elder.

The phrase, "Stands in a position of trust or confidence," means (1) a parent, spouse, adult child, or other relative; (2) a caretaker for the vulnerable elder; or (3) a person in a confidential relationship with the vulnerable elder. *Id.* § 235F.1(14). John was not found to stand in a position of trust or confidence with Judith because he was a caretaker, but rather because he was an adult child.

      **D.**     Finally, John claims there is not sufficient evidence in the record to show Judith had a life estate in the mobile home. He states the title only lists him as the owner of the mobile home. John claims Judith gave him the home and then changed her mind.

      For a valid delivery of a gift, "the grantor must intend the deed to be presently effective as a transfer of title without any reservation of control thereover." *Jeppesen v. Jeppesen*, 88 N.W.2d 633, 636 (Iowa 1958). The intent of the grantor is controlling, and is to be determined by the grantor's acts or words. *Klosterboer v. Engelkes*, 125 N.W.2d 115, 117 (Iowa 1963). "[E]ven a physical transfer of the instrument of conveyance to the grantee does not necessarily and in all cases make a valid delivery." *Robinson v. Loyd*, 109 N.W.2d 619, 621 (Iowa 1961). "Where a deed absolute on its face without reservation is delivered to the grantee with intention that it shall become operative only on the death of the grantor and the survival of the grantee, such delivery will not pass title." *Avery v. Lillie*, 148 N.W.2d 474, 477 (Iowa 1967). We

further note a party may have a life estate in personal property. *See Iowa City State Bank v. Pritchard*, 202 N.W. 512, 513 (Iowa 1925).

We conclude there is a preponderance of the evidence in the record to support the court's finding Judith retained a life estate in the mobile home. Judith testified she told John "It would be his inheritance. When I die, then that's his." Jennifer testified, "We knew from the beginning that the trailer would go to John in inheritance upon her death." John himself testified Judith told him, "Here's the title to the trailer. If something happens to me, it's yours. That way there is no dispute who it belongs to." Furthermore, Judith's continued possession and control over the property is strong evidence she did not intend the transfer of the property to be presently effective. *See Jeppesen*, 88 N.W.2d at 638.

## IV.    Summary

The evidence shows Judith was a vulnerable elder under section 235F.1(17). John, her adult son, stood in a position of trust or confidence under section 235F.1(14)(a). A preponderance of the evidence in the record shows John committed elder abuse by financial exploitation. *See* Iowa Code § 235F.1(5)(a)(4). The evidence shows John knowingly and by undue influence, deception, coercion, fraud, or extortion, obtained control over or otherwise used or diverted Judith's property, her mobile home. *See id.* § 235F.1(8). We affirm the elder abuse protective order issued by the district court.

**AFFIRMED.**

Scott, S.J., concurs; McDonald, J., dissents.

**MCDONALD, Judge.** (dissenting)

The questions presented in this appeal are questions of first impression regarding the interpretation and construction of this newly-enacted statute. "In determining the meaning of statutes, our primary goal is to give effect to the intent of the legislature." *State v. Hearn*, 797 N.W.2d 577, 583 (Iowa 2011). "That intent is evidenced by the words used in the statute." *Id.* "The starting point of interpreting a statute is analysis of the language chosen by the legislature." *Id.*

Chapter 235 allows a "vulnerable elder" to seek relief from elder abuse by filing a verified petition in the district court. *See* Iowa Code § 235F.2(1). As a prerequisite to obtaining relief, the petitioner must prove by a preponderance of the evidence that "elder abuse" occurred. The code sets forth four categories of elder abuse. As relevant here, the code defines "elder abuse" to include "financial exploitation." Iowa Code § 235F.1(5)(a)(4). "'Financial exploitation' relative to a vulnerable elder means when a person stands in a position of trust or confidence with the vulnerable elder and knowingly and by undue influence, deception, coercion, fraud, or extortion, obtains control over or otherwise uses or diverts the benefits, property, resources, belongings, or assets of the vulnerable elder." Iowa Code § 235F.1(8). According to the plain language of the statute, to prove "financial exploitation," the petitioner must first establish the exploited person is a "vulnerable elder."

The fighting issues in this case are the meaning of "vulnerable elder" and the sufficiency of the evidence regarding the same. The statute provides a "'[v]ulnerable elder' means a person sixty years of age or older who is unable to

protect himself or herself from elder abuse as a result of age or a mental or physical condition." Iowa Code § 235F.1(17). The plain language of the statute requires proof of three elements. First, the person must be "sixty years of age or older." Second, the person must be "unable to protect himself or herself from elder abuse." Third, the person's inability to protect himself or herself from elder abuse must be "as a result of age or a mental or physical condition." Only by requiring proof of all three elements, do we give effect to all of the words the legislature selected. *See Iowa Auto Dealers Ass'n v. Iowa Dep't of Revenue*, 301 N.W.2d 760, 765 (Iowa 1981) ("Moreover, a statute should not be construed so as to make any part of it superfluous unless no other construction is reasonably possible.").

The petitioner in this case failed to prove an inability to protect herself from elder abuse and failed to prove this inability was a result of her age or a mental or physical condition. The only thing we can discern from this record is the petitioner was sixty-nine years old at the time of the hearing. The petitioner did not introduce any evidence into the record regarding her ability or inability to protect herself from elder abuse. The only reasonable inference that could be made from this record, based on the petitioner's description of her living arrangement and the tone of her testimony and remarks, is the petitioner is an independent woman fully capable of protecting her own interests. The petitioner failed to present any evidence regarding her mental condition or physical condition. The petitioner also failed to present any evidence that her age, mental condition, or physical condition in any way impaired her ability to protect herself from elder abuse. In sum, the record shows only that the petitioner is sixty-nine

years of age and that she is in a property dispute with her son. That is insufficient to establish elder abuse pursuant to chapter 235F.

While there is no controlling case, other jurisdictions with similar statutes have concluded the petitioner must establish an inability to self-protect caused by some statutorily-recognized condition. *See, e.g., Estate of Cole*, No. 1CA-CV 12-0810, 2014 WL 1515730, at *4 (Ariz. Ct. App. Apr. 17, 2014) (stating it is a "threshold element[ ]" that the petitioner prove "the individual suffered from a physical or mental impairment that prevented the individual from protecting herself from abuse, neglect, or exploitation by others"); *State v. Maxon*, 79 P.3d 202, 207 (Kan. Ct. App. 2003) (stating "dependent adult" statute required proof the victim was unable to protect herself or himself); *Doe v. S.C. Dep't of Social Servs.*, 757 S.E.2d 712, 720 (S.C. 2014) (vacating order where "there is no evidence that Doe's advanced age substantially impaired her ability to adequately provide for her own care and protection"); *Farr v. Searles*, 910 A.2d 929, 930 (Vt. 2006) (vacating protective order where the petitioner failed to establish an infirmity impairing her ability to protect herself from abuse, neglect, or exploitation).

The requirement that the petitioner present some evidence of her inability to protect herself due to a statutorily-recognized cause is in accord with the purpose of the statute. The intent of this law and related elder abuse laws is to provide protection for those who may be subject to abuse, neglect, or exploitation due to an inability to protect themselves. Without requiring proof of the inability to protect, the statute would encompass garden-variety legal claims that happen to be held by persons over the age of sixty. Such a result is overbroad in two

respects. It creates a cause of action for persons outside the intended scope of the statute. It also creates unintended legal exposure for persons who happen to be in a dispute with someone over the age of sixty but who is not otherwise a "vulnerable elder."

For the foregoing reasons, I respectfully dissent. I would vacate the final elder abuse protective order and remand this matter for dismissal of the petition.